IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VIDA VEN, | § | |
| A# 055255508, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:25-CV-3429-L-BW |
| | § | |
| WARDEN/DIRECTOR, Prairieland | § | |
| TX Detention Facility, et al., | § | |
| Respondents. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, received on December 13, 2025.  (Dkt. No. 1 ("Pet.").)  Based on the relevant filings and applicable law, the Court should **DISMISS** the petition without prejudice as moot.

## I.  BACKGROUND

Vida Ven, then an immigration detainee at the Prairieland Detention Center in Alvarado, Texas, filed a habeas corpus petition under 28 U.S.C. § 2241.  He alleges that he is the subject of a removal order entered sometime after he came into the country as a Conditional Permanent Resident in 2002.  (Pet. ¶¶ 19-21.)  He subsequently remarried a permanent resident, lives in Lamesa, Texas, and filed an application (Form I-751) that, if granted, would enable him to remain in the country.  (*See id.* ¶¶ 22-23.)  Ven asserts that his detention violates due process.  (Pet. ¶¶ 27-30.)

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

On December 15, 2025, the Court ordered Respondents to file a response within 60 days.  (Dkt. No. 3.)

Respondents filed a notice on January 25, 2026, advising that Petitioner had been removed to Cambodia on January 18, 2025.  (Dkt. No. 6.)  On February 2, they filed a response to the petition requesting that the petition be dismissed pursuant to Fed. R. Civ. P. 12(h)(3) because Petition had been removed and was no longer detained.  (Dkt. No. 7.)  Petitioner, who is represented by counsel, has not filed a reply.  A search of the Immigration and Customs Enforcement Online Detainee Locator System shows that Petition is no longer in custody.

## II.  MOOTNESS

"Article III of the Constitution limits . . . federal-court jurisdiction[] to 'Cases' and 'Controversies.'"  *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . .  The parties must continue to have a 'personal stake in the outcome' of the lawsuit.  This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal citations and quotation marks omitted).

Here, Ven contended that his immigration detention by ICE violated the due process clause of the Fifth Amendment.  (*See* Pet. ¶¶ 25-36.)  In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that detention of an alien subject to a final order of removal is limited to a period reasonably necessary to bring about his removal from the United States, which is presumably six months, and that he must thereafter be released if "there is no significant likelihood of removal in the reasonably foreseeable future."  *Id.* at 701.  Ven, who alleged that "there is no significant likelihood of removal . . . in the foreseeable future" (Pet. ¶ 34), challenged the lawfulness of his prolonged detention.  (*See* Pet. at 11.)

Because Respondents' evidence shows that Ven is no longer detained and has been removed from the United States, Ven's claims challenging the lawfulness of his detention are moot.  *See, e.g.*, *Francis v. Lynch*, 622 F. App'x 455, 455-56 (5th Cir. 2015) (holding that the petitioner's challenge to the duration of his detention pending removal became moot when he was removed from the United States).  The Court therefore should dismiss Ven's § 2241 petition as moot.

## III.  RECOMMENDATION

The Court should **DISMISS** the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, received on December 13, 2025 (Dkt. No. 1), without prejudice as moot.

**SO RECOMMENDED** on March 19, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

4